[*Counsel Listed on Signature Block*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ADAPTIX, INC.,<br>　　　Plaintiff,<br><br>v.<br><br>APPLE INC., *et al.*,<br>　　　Defendants. | Case No. 5:15-cv-00364-PSG<br><br>**ADAPTIX RULE 52/59 MOTION**<br><br>Judge: Honorable Paul S. Grewal<br>Hearing Date: October 20, 2015, at 10:00 am<br>Courtroom 5, 4th Floor |
| ADAPTIX, INC.,<br>　　　Plaintiff,<br><br>v.<br><br>APPLE INC., *et al.*,<br>　　　Defendants. | Case No. 5:15-cv-00365-PSG<br><br>**ADAPTIX RULE 52/59 MOTION**<br><br>Judge: Honorable Paul S. Grewal<br>Hearing Date: October 20, 2015, at 10:00 am<br>Courtroom 5, 4th Floor |
| ADAPTIX, INC.,<br>　　　Plaintiff,<br><br>v.<br><br>HTC CORPORATION, *et al.*,<br>　　　Defendants. | Case No. 5:15-cv-00366-PSG<br><br>**ADAPTIX RULE 52/59 MOTION**<br><br>Judge: Honorable Paul S. Grewal<br>Hearing Date: October 20, 2015, at 10:00 am<br>Courtroom 5, 4th Floor |
| ADAPTIX, INC.,<br>　　　Plaintiff,<br><br>v.<br><br>HTC CORPORATION, *et al.*,<br>　　　Defendants. | Case No. 5:15-cv-00367-PSG<br><br>**ADAPTIX RULE 52/59 MOTION**<br><br>Judge: Honorable Paul S. Grewal<br>Hearing Date: October 20, 2015, at 10:00 am<br>Courtroom 5, 4th Floor |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that, on October 20, 2015 at 10:00 a.m., or at any other date and time as the Court may order, before the Honorable Paul S. Grewal, in Courtroom 5, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, Plaintiff, ADAPTIX, Inc. ("Adaptix"), will move the Court under Rules 52(b) and 59(e).

This motion is based on this Notice of Motion and the Motion, and such other matters as the Court may deem appropriate. By this Motion, as addressed in detail below, Adaptix seeks to alter or

amend the judgements entered on August 24, 2015.

**RULE 59(e) MOTION OF ADAPTIX**

Adaptix moves to alter or amend the findings entered on August 21, 2015 (Dkt. 44) and the judgments entered on August 24, 2015 (Dkt. 45[1]), which had been based on portions of the Court's August 21 Order (Dkt. 44) finding claim preclusion. The Court must alter the findings and judgments because, on August 28, 2015, in *Dow Chemical Co. v. Nova Chemicals Corporation (Canada)*, No. 2014-1431, 2015 WL 5060947 (Fed. Cir. Aug. 28, 2015), a panel of the United States Court of Appeals for the Federal Circuit issued a decision on claim preclusion that overruled this Court's position.

> I. ***Dow*** **held that claim preclusion does not apply to claims for continuing conduct after the complaint was filed.**

Adaptix brought these Wave 3 actions for conduct after the filing of the complaint in the Wave 1 actions. In dismissing these actions, this Court held that claim preclusion applied to new acts of infringement, i.e., post final judgment in a second suit. (Dkt. 44 at 14-15.) Based on that finding, the Court dismissed these Wave 3 actions because the final judgment in the Wave 1 cases created claim preclusion as to these Wave 3 cases. (Dkt. 44 at 18-22.)

A contrary finding, that claim preclusion would not apply, however, would remove the basis for dismissing these Wave 3 actions. In the *Dow* decision, issued seven days after this Court's Order, the Federal Circuit rejected this Court's position:

> The doctrine of claim preclusion does not apply as between the claims for the first and second damages periods. **It is well-established that, as to claims for continuing conduct after the complaint is filed, each period constitutes a separate claim.**[4] *See* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4409 (2d ed. 2002) ("A substantially single course of activity may continue through the life of a first suit and beyond. The basic claim-preclusion result is clear: a new claim or cause of action is created as the conduct continues."); *Crowe v. Leeke,* 550 F.2d 184, 187 (4th Cir.1977) ("We glean from the[ ] cases that res judicata [claim preclusion] has very little applicability to a fact situation involving a continuing series of acts, for generally each act gives rise to a new cause of action."); *Exhibitors Poster Exchange, Inc. v. Nat'l Screen Serv. Corp.,* 421 F.2d 1313, 1316, 1318–19 (5th Cir.1970) (res judicata [claim preclusion] does not apply where plaintiff alleges "same facts—[a] 1961 refusal to deal [as an antitrust violation]"—but sought in a second and third suit to recover

---

[1] To simplify, this Motion refers only to docket entries in the -364 action.

> damages suffered since losing on summary judgment in the first suit since the damages arose from "non actions" subsequently occurring).
> This rule applies to patent infringement claims. As we explained just last year,
>> traditional notions of claim preclusion do not apply when a patentee accuses new acts of infringement, i.e., post-final judgment, in a second suit—even **where** the products are the same in both suits. Such claims are barred under general preclusion principles only to the extent they can be barred by issue preclusion, with its attendant limitations.
>
> *Brain Life, LLC v. Elekta Inc.,* 746 F.3d 1045, 1056 (Fed.Cir.2014); *see Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.,* 672 F.3d 1335, 1342–44 (Fed.Cir.2012); *see also, e.g., SynQor, Inc. v. Artesyn Techs., Inc.,* 709 F.3d 1365, 1385–86 (considering whether intent element of induced infringement had been shown in the supplemental damages period).
> **. . . [I]t is clear that claim preclusion also does not apply to damages accruing after the filing of the complaint and not the subject of the first judgment.**
>
> ---
> [4] Likewise, claims that have accrued at the time of the complaint generally must be brought together, and **the plaintiff need not supplement the complaint to cover continuing conduct**. 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4409 (2d ed. 2002) ("Most cases rule that an action need include only the portions of the claim due at the time of commencing that action, frequently observing that the opportunity to file a supplemental complaint is not an obligation."); *see also, e.g., Gillig v. Nike, Inc.*, 602 F.3d 1354, 1363 (Fed. Cir. 2010) (res judicata [claim preclusion] does not apply where claims accrue during action and are not the subject of the first judgment because "the doctrine of res judicata does not punish a plaintiff for exercising the option not to supplement the pleadings with an after- acquired claim" (citations omitted)); *Spiegel v. Cont'l Ill. Nat'l Bank*, 790 F.2d 638, 646 (7th Cir. 1986) (claim preclusion barred suit except for claims related to two new acts which "occurred after the filing" of the earlier suit). (Emphasis added.)

*Dow Chem.*, 2015 WL 5060947, at *3 (Fed. Cir. Aug. 28, 2015)(emphasis added).

    **II.**    **The Court must follow *Dow,* because the *Newell* rule does not apply.**

In its Order, the Court did not follow *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1343-45 (Fed. Cir. 2012) and *Brain Life, LLC v. Elekta Inc*., 746 F.3d 1045, 1053-54 (Fed. Cir. 2014). The Order cited inconsistency between the holdings of *Aspex* and *Brain Life* and the "principles elaborated in" dicta from *Nystrom v. Trex Co.*, 580 F.3d 1281, 1285-86 (Fed. Cir. 2009). This Court cited *Newell v. Kenney Mfg. Co*., 864 F.2d 757 (Fed. Cir. 1988), as having adopted the rule that prior panel decisions bind subsequent panels until overturned *en banc*. (Dkt. 44 at 14.)

But the Court must follow *Dow*, which applied *Aspex*, because the *Newell* rule does not apply.

    **A.**    **The *Newell* rule applies only to direct conflict between decisions.**

"Where there is <u>direct</u> conflict, the precedential decision is the first." *Newell*, 864 F.2d at 765

(emphasis added). This is how *Newell* stated the rule. Also, *General Protecht Group, Inc. v. Leviton Mfg. Co.*, Inc., 651 F.3d 1355, 1363 (Fed. Cir. 2011) ("a <u>direct</u> conflict of panel opinions … is necessary to invoke this court's rule of precedence.") (emphasis added).

*Dow* properly followed *Aspex*, as *Aspex* did not *directly* conflict with *Nystrom*. The panel in *Aspex* did not disagree with the result in *Nystrom*, but simply held the *Nystrom* opinion had mistakenly referred to *issue* preclusion, the doctrine being applied, as *claim* preclusion.[2] (This Court, in its Order, did not contest that the *Nystrom* panel had actually used the wrong language.)

*Dow* properly followed the instruction in *Johnston v. IVAC Corp.*, 855 F.2d 1574, 1579 (Fed. Cir. 1989): "Where conflicting statements… appear in our precedent, the panel is obligated to review the cases and reconcile or explain the statements, if possible." *Dow's* review of *Aspex* would have observed that the latter decision reconciled and explained what this Court's Order described as an "inconsistency."

        **B.**    **The *Newell* rule does not apply where the allegation of conflict was previously resolved.**

This limitation appears in *Autogenomics, Inc. v. Oxford Gene Technology Limited*, 566 F.3d 1012, 1020 (Fed. Cir. 2009)("The dissent suggests that this reading of *Avocent* renders it in conflict with other precedent of this court. The court in *Avocent*, however, considered and distinguished the very precedent that the dissent cites.").

Here, *Dow* properly followed *Aspex* because *Aspex* "considered and distinguished the very precedent that the" Defendants here had cited.

        **C.**    **The *Newell* rule does not apply to dicta from an earlier decision.**

Several cases have excluded dicta from the *Newell* rule. *Johnston*, 885 F.2d at 1579 (not obligated to follow earlier case with "merely conflicting dicta"); *Rhone-Poulenc Agro, S.A. v. DeKalb Genetics Corp.*, 271 F.3d 1081, 1086 (Fed. Cir. 2001), *vacated on other grounds*, 284 F.3d 1323 (Fed. Cir. 2002) ("we are not bound by dictum in earlier cases"); *Orenshteyn v. Citrix Systems, Inc.*, 691 F.3d 1356, 1360-61 (Fed. Cir. 2012) ("the portion of the order in *Majorette* taking jurisdiction over the attorney fees appears to be dicta as it was unnecessary to decide the case, and hence is not

---

[2] The author of the *Nystrom* opinion, Judge Rader, was himself a member of the *Aspex* panel.

controlling over the present case").

*Dow* properly followed *Aspex* because, as noted in *Aspex*, the panel in *Nystrom* reached its decision by applying issue preclusion. As issue preclusion provided an adequate basis for the judgment, the (erroneous) description of "claim" preclusion was unnecessary to the judgment, and thus dicta.

### D. The *Newell* rule does not apply where the first case did not squarely address the issue.

This limitation is expressed in numerous cases. *Rhone-Poulenc Agro, S.A.,* 271 F.3d at 1086 ("a decision applying a particular rule is not binding precedent if the issue is not argued or analyzed or discussed by the court"); *Orenshteyn*, 691 F.3d at 1360-61 ("Generally, when an issue is not discussed in a decision, that decision is not binding precedent."); *United States v. County of Cook, Illinois*, 170 F.3d 1084, 1088 (Fed. Cir. 1999) (court not bound by previous decisions transferring less than all claims under 28 U.S.C. §1631, where decisions did not analyze the propriety of such transfer, presumably because issue not raised by either party); *Nat'l Cable Television Ass'n, Inc. v. Am. Cinema Editors, Inc.*, 937 F.2d 1572, 1581 (Fed. Cir. 1991) ("When an issue is not argued or is ignored in a decision, such decision is not precedent to be followed in a subsequent case in which the issue arises."); *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1346 (Fed. Cir. 2001) ("[I]n *Akron,* the finality issue was raised neither by the parties nor *sua sponte* by the court. Because *Akron* did not confront and decide the same issue, it is not precedent on the question before us."); *UMC Elecs. Co. v. United States*, 816 F.2d 647, 654 (Fed.Cir.1987) (premise assumed in earlier cases rejected when issue squarely presented); *Brecht v. Abrahamson*, 507 U.S. 619 (1993) (reaffirming long-standing rule that if a decision does not "squarely addres[s] [an] issue a court remains free to address the issue on the merits" in a subsequent case.)

*Dow* properly followed *Aspex* because the panel in *Nystrom* did not address the well-established differences between issue preclusion and claim preclusion. As the panel in *Aspex* noted, the *Nystrom* panel applied issue preclusion, but in doing so simply used the wrong terminology. Nothing in either opinion, or any later opinion, suggests that the *Nystrom* panel was addressing the differences between issue and claim preclusion.

### III. *Dow* follows established law.

As *Dow* observed, that a claim for discrete tortious actions occurring after the complaint is filed constitutes a separate claim is <u>well-established</u>. The United States Supreme Court (*Lawlor v. Nat'l Screen Corp.*, 349 U.S. 322, 328 (1955)); the circuit courts (e.g., *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.,* 750 F.2d 731, 739-40 (9th Cir. 1984) and cases cited in *Aspex* and *Dow*); and the treatises (Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* §4409 (2d ed. 2002); 18 James Wm. Moore, *Moore's Federal Practice* §131.23[3][c] (2011)) would all agree that *Dow* accurately states the law nationwide as to when claim preclusion would apply to discrete tortious actions.

The references in *Nystrom* to "claim preclusion" were thus obviously mistakes in terminology. When a party in *Aspex* opportunistically relied upon those references to argue for claim preclusion, the panel in *Aspex* acknowledged *Nystrom's* mistake in terminology, and on that basis distinguished *Nystrom*. 672 F.3d at 1343-44. Because the mistake in terminology did not affect the outcome in *Nystrom*, the mistake was dicta. As a number of Federal Circuit decisions, listed above, have held dicta need not be followed, the panel in *Aspex* did not need to convene an *en banc* session to correct an obvious mistake, irrelevant to the outcome of the prior case. Nor did the panel in *Dow* need to do so.[3]

---

[3] The Order refers, in this context, to a decision of a District Court in Oregon citing the "*Foster* line of cases," *Foster v. Hallco Manufacturing Co.*, 947 F.2d 469 (Fed. Cir. 1991) and *Hallco Manufacturing Co. v. Foster*, 256 F.3d 1290 (Fed. Cir. 2001), as somehow supporting an order barring Adaptix's pursuit of these actions. (Dkt. 44 at 15, citing *Mentor Graphics Corp. v. EVE-USA, Inc.*, Case No. 10-cv-954-MO, 2014 WL 2533336 (D. Or. June 4, 2014)). The Oregon opinion, however, failed to explain how the *Foster* cases supported its conclusion. To the contrary, both *Foster* cases *allowed* the patent owner to seek remedies for later acts, thus undermining, rather than supporting, the point on which the Oregon case cited these decisions.

In the first case, the patent owner counterclaimed for acts of patent infringement that had occurred after a first case settled "with prejudice." 947 F. 2d at 473 n. 2,3. The accused infringer did not question the patent owner's right to do so. Rather, the case discussed only whether the with-prejudice settlement precluded the accused infringer from attacking the patent as a defense to that claim.

In the second case, the patent owner counterclaimed for royalties on products sold after an earlier case had settled with prejudice, with the accused infringer agreeing to take a royalty-bearing license. 256 F.3d at 1292-93. Again, the accused infringer did not question the patent owner's right to pursue the counterclaim. Rather, the case discussed whether, in response to that counterclaim, the accused infringer would be allowed to attack the patent or to deny that its new products would infringe, if not licensed. Not only did the Federal Circuit <u>allow</u> the patent owner to pursue relief for later products, but the Federal Circuit decided that if the new products were essentially the same as the old, judgment

In any event, this Court should let the Federal Circuit decide for itself how to run its business. Three separate panels have now concluded that correcting *Nystrom*'s mistake in terminology does not require en banc consideration. Procedure aside, there seems little doubt that an *en banc* panel, if convened, would rubberstamp *Dow, Aspex*, and *Brain Life* as to this aspect of claim preclusion doctrine. There thus seems little point in including this issue in the appeal of the Judgements.

**IV. Applying *Dow* requires alteration of the grounds for judgment.**

This Court dismissed the case on separate grounds, claim preclusion and application of the *Kessler* doctrine. Adaptix does not direct this motion to the *Kessler* issue, electing to reserve its arguments on that issue for its appeal to the United States Court of Appeals for the Federal Circuit. Adaptix requests, however, that the Court alter or amend its findings and judgments to remove the reliance upon claim preclusion.

**Conclusion**

*Dow* overruled this Court's finding of claim preclusion. The Court must, therefore, alter or amend its August 21 findings and August 24 judgments by removing their reliance upon claim preclusion.

---

should be entered for the patent owner on the counterclaim. *Id*. at 1298.

Both of these decisions preceded *Nystrom*. If, despite *Dow*, this Court continues to regard *Nystrom* as barring pursuit of claims for later infringement not otherwise barred by issue preclusion, then *Nystrom* conflicts with the earlier *Foster* cases, and this Court should, for that reason, disregard it.

7 RULE 59(e) MOTION OF ADAPTIX

| | | |
|---|---|---|
| 1 | Dated:  September 15, 2015 | By: */s/ James J. Foster* |
| 2 | | Paul J. Hayes |
| | | James J. Foster |
| 3 | | **HAYES, MESSINA, GILMAN HAYES, LLC** |
| | | 200 State Street, 6th Floor |
| 4 | | Boston, MA 02109 |
| | | Email: phayes@hayesmessina.com |
| 5 | | Email: jfoster@hayesmessina.com |
| | | Telephone: (617) 439-4200 |
| 6 | | Facsimile: (617) 443-1999 |

**Attorneys for Plaintiff, ADAPTIX, INC.**

## CERTIFICATE OF SERVICE

I certify that this document is being served on September 15, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

*/s/ James J. Foster*
James J. Foster

8   RULE 59(e) MOTION OF ADAPTIX

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ADAPTIX, INC., <br>     Plaintiff, <br><br> v. <br><br> APPLE INC., *et al.*, <br>     Defendants. | Case No. 5:15-cv-00364-PSG <br><br> Judge: Honorable Paul S. Grewal <br> Hearing Date: October 20, 2015, at 10:00 am <br> Courtroom 5, 4th Floor |
| ADAPTIX, INC., <br>     Plaintiff, <br><br> v. <br><br> APPLE INC., *et al.*, <br>     Defendants. | Case No. 5:15-cv-00365-PSG <br><br> Judge: Honorable Paul S. Grewal <br> Hearing Date: October 20, 2015, at 10:00 am <br> Courtroom 5, 4th Floor |
| ADAPTIX, INC., <br>     Plaintiff, <br><br> v. <br><br> HTC CORPORATION, *et al.*, <br>     Defendants. | Case No. 5:15-cv-00366-PSG <br><br> Judge: Honorable Paul S. Grewal <br> Hearing Date: October 20, 2015, at 10:00 am <br> Courtroom 5, 4th Floor |
| ADAPTIX, INC., <br>     Plaintiff, <br><br> v. <br><br> HTC CORPORATION, *et al.*, <br>     Defendants. | Case No. 5:15-cv-00367-PSG <br><br> Judge: Honorable Paul S. Grewal <br> Hearing Date: October 20, 2015, at 10:00 am <br> Courtroom 5, 4th Floor |

**PROPOSED ORDER**

Having reviewed the Plaintiff's Rule 52(b)/59(e) Motion, and good cause appearing therefore,

IT IS HEREBY ORDERED:

The Plaintiff's Motion is GRANTED.


IT IS SO ORDERED.

DATED: _____                    _____
                                                                             Hon. Paul S. Grewal
                                                                             United States Magistrate Judge